IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A.A.T.,<br><br>Petitioner,<br><br>vs.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | Civil No. 1:26-cv-07936-MWJS<br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 221-370-642 |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Marco A.A.T.[1] is an immigration detainee proceeding with a fourth petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

Petitioner entered the country without inspection in approximately October 2022. *Marco A.A.T. v. Cal. City Corr. Ctr.*, No. 1:26-cv-03194-MWJS, 2026 WL 1736084, at *1 (E.D. Cal. June 15, 2026). Following an arrest by local law enforcement in March 2026, Petitioner was transferred to the custody of Immigration and Customs Enforcement (ICE). *Id.* ICE then commenced removal proceedings against Petitioner pursuant to 8 U.S.C. § 1229a. *Id.*

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

In his first habeas petition, Petitioner argued that he was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* The court granted the petition in part, and Petitioner received a bond hearing on June 22, 2026. *See* Status Report, *Marco A.A.T.*, No. 1:26-cv-03194-MWJS (E.D. Cal. June 22, 2026), Dkt. No. 19. At the conclusion of that hearing, an immigration judge denied Petitioner's request for a change in custody status. *Id.*

The next day, Petitioner signed his second habeas petition. *See Marco A.A.T. v. Warden, California City Det.*, No. 1:26-cv-04974-MWJS, 2026 WL 1911698 (E.D. Cal. July 2, 2026). In that petition, Petitioner argued that his detention was unlawful because of its duration. On July 2, 2026, the court denied the petition after concluding that Petitioner had not provided good reason to believe that his detention was not reasonably necessary to bring about his removal. *Id.* at *1.

Less than two weeks later, Petitioner signed his third habeas petition. *See Marco A.T. v. Chestnut*, No. 1:26-cv-05598-MWJS, 2026 WL 2254383, at *1 (E.D. Cal. Aug. 4, 2026). In that petition, although Petitioner described the circumstances that led to his detention and the effects of that detention on his family, he did not allege why his detention was unlawful. *Id.* The court therefore dismissed the third petition without prejudice. *Id.* at *2.

In the meantime, Petitioner appealed the immigration judge's decision denying him bond, and, according to Petitioner, the Board of Immigration Appeals (BIA)

affirmed that decision in July 2026.[2] Dkt. No. 1, at pg. 7. In addition, an immigration judge ordered Petitioner's removal, Dkt. No. 9-2, a decision that Petitioner also has appealed to the BIA, Dkt. No. 9-1. That appeal remains pending.

The court received Petitioner's current petition on September 28, 2026. Dkt. No. 1. In this petition, other than outlining the factual and procedural background set forth above, Petitioner again does not allege why his detention is unlawful. For this reason alone, the court must dismiss the petition. *See Feliciano v. Warden of Mesa Verde Det. Facility*, No. 1:25-cv-02031-KES-SKO (HC), 2026 WL 63646, at *1 (E.D. Cal. Jan. 8, 2026) (explaining that habeas petition must be dismissed when it plainly appears that the petitioner is not entitled to relief), *report and recommendation adopted*, No. 1:25-cv-2031 KES SKO (HC), 2026 WL 461043 (E.D. Cal. Feb. 18, 2026).

The court reminds Petitioner that he is currently detained under 8 U.S.C. § 1226(a). The Ninth Circuit has held that the government's detention authority under that subsection is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (cleaned up). Although such authority might yield to constitutional considerations when a noncitizen is "stuck in a removable-but-unremovable limbo," the

---

[2] According to Petitioner, he filed his appeal on July 9, 2026, Dkt. No. 1, at pg. 2, and, the same day, he "receive[d] an answer of [his] appeal . . . that [the BIA] denied [his] request for custody redetermination," *id.* at pg. 7. Although the timing of these events seems unlikely, the status of Petitioner's bond appeal is not relevant to the court's resolution of this petition.

lack of a certain end date, without more, does not render a noncitizen's detention indefinite. *Id.* A noncitizen detained under 8 U.S.C. § 1226(a) "remains *capable* of being removed—even if it has not yet finally been determined that he *should* be removed—and so the government retains an interest in assuring his presence at removal." *Id.* at 1965 (cleaned up). The fact that a period of detention under 8 U.S.C. § 1226(a) extends far beyond six months does not necessarily mean that it is indefinite. *Id.* at 1068 (concluding that non-citizen's three-plus years of detention under 8 U.S.C. § 1226(a) was lawful). Here, Petitioner does not argue nor does anything in the current record suggest that Petitioner's current detention is not reasonably necessary to bring about his removal.

The court further reminds Petitioner that if his circumstances materially change, he may request another bond redetermination hearing before an immigration judge. *See* 8 C.F.R. § 1003.19(e); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). To exhaust his administrative remedies for any claims based on materially changed circumstances, however, Petitioner must then seek review by the BIA and await its decision. *See* 8 C.F.R. 1003.19(f); *Rodriguez Diaz*, 53 F.4th at 1197.

//

//

//

//

The court therefore DISMISSES the petition without prejudice. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: October 20, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge